HEBE CO. v. ENZ.

(Circuit Court of Appeals, Seventh Circuit. September 12, 1922.)

No. 2959.

Patents ⊜══328—1,193,477, for food product and method of producing same, claim 7, held void.

The Crary & Barnett patent, No. 1,193,477, for a food product and method of producing the same, claim 7, *held* void as not disclosing invention over the prior art.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Hebe Company against John F. Enz. Decree for defendant, and complainant appeals. Affirmed.

Lindley M. Garrison and C. P. Goepel, both of New York City, for appellant.

Walter F. Murray, of Cincinnati, Ohio, for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. The action was for alleged infringement of United States patent 1,193,477, issued August 1, 1916, to Crary & Barnett, for a "food product and method of producing the same." Of the 15 claims of the patent claim 7 alone was sued upon. It is:

"As an article of manufacture, a food product consisting of a concentrate of skimmed cow's milk and coconut oil from which the free fatty acids have been removed, the mixture being homogenized."

The District Court held the claim void, and it dismissed the bill for want of equity.

The stated object of the invention is:

"To produce a new food product composed of nonfatty portions of animal milk and the fixed fatty acids of alimentary vegetable oils, whereby the high value animal fats of animal milks may be utilized separate from milk, and the low priced vegetable oils may be made palatable and available as foods."

The specification sets forth that theretofore—

"proper care has not been exercised in the preliminary extraction of the free fatty acids of the vegetable oils, and the vegetable oils have been combined with the skimmed milk prior to concentration. As a consequence, the free fatty acids of the vegetable oils have resulted in rancid tastes in the final product, and the product has been nonuniform, owing to the difference in the specific gravity between the skimmed milk and the oils during the process of concentration."

The process is then pointed out, and the statement made:

"After the concentration has been accomplished to the desired extent, an alimentary vegetable oil, from which the free fatty acids have been principally eliminated, is introduced into the concentrate and the mixture homogenized."

No further reference is made to the elimination of the free fatty acids from the vegetable oil, save only that in claim 7 and others the oil is mentioned as being such "from which the free fatty acids have been removed."

The District Court was warranted in finding it was old in the art to combine as a food product skimmed cow's milk and vegetable oils, including cocoanut oil, the mixture being homogenized. In every respect therefore, save as to the element of removal of the free fatty acids from the oil, the claim is met by the prior art or practice.

It appears from the evidence it was long and well recognized that the presence of free fatty acids in the oil ingredient caused the compound to become more or less rancid, and that long before the patent it was well known that free fatty acids in cocoanut oil were an undesirable feature, and various expedients had been resorted to, with more or less success, to minimize, and if possible eliminate, these acids. Thus the patentees were not the first to discover the fact that reduction of the free fatty acid content of the cocoanut oil would tend to obviate rancidity in products into which this oil entered. If, therefore, these patentees succeeded in eliminating "principally" or wholly the free fatty acids from cocoanut oil, their discovery was the way in which this could be done, and not that its reduction or elimination would improve such a product.

But nowhere in the patent is it pointed out how this result may be achieved, and nothing was disclosed whereby the public generally or those skilled in the art might procure or produce "cocoanut oil from which the free fatty acids have been removed." For want of such disclosure alone, without referring to some other cogent reasons pointed out by the District Court in its opinion, we conclude claim 7 is void, and that the District Court was right in dismissing the bill.

Decree affirmed.