## NATIONAL THEATRE SUPPLY CO. v. DA-LITE SCREEN CO., Inc.
### No. 5887.

Circuit Court of Appeals, Seventh Circuit.

Nov. 27, 1936.

George I. Haight, of Chicago, Ill., Howard W. Dix, of New York City, and Edward A. Haight, of Chicago, Ill., for appellant.

Walter M. Fuller, of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

Appellee brought suit in the District Court charging infringement of the patent to Heck, No. 1,819,776. Appellant answered, and the cause was referred to a master, who concluded that the patent was valid and infringed. The court overruled exceptions to the report and entered a decree enjoining appellant from manufacture or sale of the accused structures. This appeal followed.

Appellant contends that the patent is invalid because of: (1) Insufficient disclosure of the alleged invention; (2) lack of foundation for the claim in the specifications; (3) anticipation; and (4) want of invention.

Only one claim is involved.* It calls for "a moving-picture screen adapted for coordinated sound transmission," with a "front light reflecting surface" to project the picture, "provided with perforations in number and size sufficient to permit passage of sound-waves therethrough of appropriate volume without blurring, while at the same time preserving the light-reflecting properties sufficiently to constitute an efficient screen for the presentation of pictures, the walls of the perforations being at substantially right-angles to the body of the screen." We are not informed by anything in this claim as to the proper number of holes or the distance between the same. We are told only that the perforations must be of such size and number as are sufficient to permit the passage of sound-waves and at the same time preserve the picture reflecting qualities.

The description is equally vague. The applicant says his invention relates to a screen "designed and adapted to permit the passage of sound therethrough while affording an efficient light reflecting surface for motion pictures projected thereto." He refers to the perforations in the screen and says that they are "preferably quite small in diameter as indicated in Figure 1."

---

*A moving-picture screen adapted for coordinated sound transmission, composed solely of a single-thickness finely-woven textile-fabric screen having a front light-reflecting surface to receive the projected picture and provided with perforations therethrough in number and size sufficient to permit passage of sound-waves therethrough of appropriate volume without blurring, while at the same time preserving the light-reflecting properties of such surface sufficiently to constitute an efficient screen for the presentation of pictures, the walls of said perforations being at substantially right-angles to the body of the screen.

He states that he has determined "by experiment" that if the holes are appreciably larger than "those herein indicated" the easier passage with which sound is then transmitted is at the expense of clearness of the projected picture. He states his conclusion that a balance must be achieved, which must "yield results of the character demanded by a critical public." Figure (1) is a small representation of a moving-picture screen. Presumably it refers to the normal screen. If we assume that it is 15 feet square, the holes therein are 1¼ inch in diameter. Such apertures destroy the necessary reflecting qualities for the projection of moving pictures. Neither the description nor the claim includes any other specification. The description is entirely silent as to the results of applicant's experiment or as to the specific manner by which the necessary balance is to be attained.

The Acts of Congress (R.S. § 4888; March 3, 1915, c. 94, § 1, 38 Stat. 958, 35 U.S.C.A. § 33) require the applicant to describe his invention "in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same." This provision was enacted by Congress in order that any person skilled in the art may construct and use the invention after the expiration of the patent and also that the public may be informed during the life of the patent of the limits of the monopoly asserted, so that it may be known which features may be used or manufactured without license and which may not. Permutit Co. v. Graver Corp., 284 U.S. 52, 60, 52 S.Ct. 53, 76 L. Ed. 163. If the description be so vague and uncertain that no one can tell, except by independent experiments, how to construct the patented device, the patent is void. Incandescent Lamp Patent Case, 159 U.S. 465, 474, 16 S.Ct. 75, 40 L.Ed. 221, 224.

To put forth a problem, for experiment to solve, defeats the purpose of Congress in authorizing the grant of patents, which was to stimulate inventions and encourage their disclosure to the public. Zenitherm Co. v. Art Marble Co., 45 F. (2d) 208 (D.C.Miss.), affirmed 56 F.(2d) 39 (C.C.A.5). Product claims such as this are not sustainable unless the specification discloses at least one practicable way in which to make the product. Hemming

Mfg. Co. v. Cutler-Hammer Mfg. Co. (C.C. A.) 243 F. 595, 600. If, instead of describing his structure, the applicant mentions its quality and asks the court to infer a process or method from that, the result is a vague and inverted method of description, not in compliance with the statute. Western Electric Mfg. Co. v. Ansonia Brass & Copper Co., 114 U.S. 447, 452, 5 S.Ct. 941, 29 L.Ed. 210.

In Therm-O-Proof Insulation Co. v. Slayter & Co., 80 F.(2d) 557, 559, this court had to do with the validity of a description which was dealing with comminuted materials. The applicant defined them as "of sufficient size to give a large body for the amount of weight." We held this to be an insufficient and vague disclosure, saying: "Unfortunately for the validity of the claim, greater indefiniteness and more vagueness could hardly be found. It is so worded (accidentally or intentionally) as to catch an alleged infringer coming or going." Other authorities to the same effect are Helfrich v. Solo, 59 F.(2d) 525, 528 (C.C.A.7); In re Marshall (Cust. & Pat.App.) 54 F.(2d) 421; Hebe Co. v. Enz, 283 F. 977 (C.C.A.7).

Here the applicant prescribes perforations. He gives neither the dimensions of the same, nor the distances by which they should be separated. He merely describes the problem that he has encountered, by saying that the holes should be of such size as to preserve the "necessary balance." He says that by experiment he has determined this balance, but he does not inform the world of how he accomplished his result or what the result was. He leaves the delver in the art to discover this by the same experiments that he says he has performed. Such is not a sufficient disclosure.

Appellee cites various cases in rebuttal. In Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 43 S.Ct. 322, 323, 67 L.Ed. 523, indefiniteness did not exist, for, as pointed out in the opinion, a 4 per cent. angle was indicated and this was a sufficient measure for the words "substantial elevation." In Carnegie Steel Co. v. Cambria Iron Co., 185 U.S. 403, 22 S.Ct. 698, 46 L.Ed. 968, certain amounts of molten metal were to be added and withdrawn. The patentee did in fact give illustrative amounts which would serve as a guide to the art. In Abercrombie & Fitch Co. et al. v. Baldwin et al., 245 U.S. 198, 38 S.Ct. 104, 62 L.Ed. 240, the element re-

ferred to was a tube extending a considerable distance into a receptacle for calcium carbide, and was adequately and sufficiently disclosed in the body of the specifications. So long as the tube extended into the mass of calcium carbide, no exact location of its end was required. Consequently the description was held sufficient. In Vacuum Cleaner Co. v. Innovation Electric Co., 239 F. 543 (C.C.A.2), the court held that the exact dimensions were unimportant, and that, inasmuch as this part of the invention was disclosed sufficiently to those in the art, the specification furnished an adequate disclosure. The same is true of Lawther v. Hamilton, 124 U.S. 1, 8 S. Ct. 342, 31 L.Ed. 325.

Other cogent reasons are urged why the patent should not be sustained. We find it unnecessary to discuss them, for, clearly, the claim is invalid for want of compliance with the statute.

The decree of the District Court is reversed for further proceedings in conformity with this opinion.